The CANAL AUTHORITY OF the STATE OF FLORIDA, et al., Plaintiffs,

v.

Howard H. CALLAWAY, Secretary of the Army, et al., Defendants-Appellees.

The CROSS–FLORIDA CANAL ASSOCIATION, Plaintiff,

v.

Howard H. CALLAWAY, Secretary of the Army, et al., Defendants.

Eleanor H. MILLER et al., Plaintiffs-Appellants,

v.

Avery S. FULLERTON et al., Defendants-Appellees.

J. G. PERKO, Plaintiff-Appellant,

v.

The CANAL AUTHORITY OF the STATE OF FLORIDA, etc., et al., Defendants-Appellees.

No. 74–2731.

United States Court of Appeals, Fifth Circuit.

May 2, 1975.

Rehearing Denied June 2, 1975.

Alan B. Fields, Jr., Palatka, Fla., for Eleanor H. Miller, and others.

William L. Eagan, Orlando, Fla., for J. G. Perko.

A. W. Nichols, III, Palatka, Fla., for Eleanor H. Miller.

Edward Lee Rogers, Gen. Counsel, Environmental Defense Fund, East Setauket, N. Y., for plaintiffs-appellants.

Stuart B. Schoenburth, Dept. of Justice, Washington, D. C., for Callaway, and others.

John H. Gullett, Washington, D. C., Willard Ayers, Ocala, Fla., for Canal Authority, etc., and others.

Ralph E. Elliott, Jr., Allan P. Clark, Jacksonville, Fla., for Canal Authority.

John L. Briggs, U.S. Atty., John D. Roberts, Asst. U.S. Atty., Jacksonville, Fla., for Howard Callaway.

William L. Durden, Jacksonville, Fla., for Jacksonville Area Chamber of Commerce.

David U. Tumin, Asst. Counsel, Daniel U. Livermore, Jr., Jacksonville, Fla., for Jacksonville Port Authority.

Tracy Danese, Jacksonville, Fla., for Cross-Fla. Canal Association.

Jacques B. Gelin, Wallace Johnson, Dept. of Justice, Washington, D. C., for all Federal defendants.

Edmund B. Clark, Dept. of Justice, Washington, D. C., Harry M. Mack, Cincinnati, Ohio, Gary B. Randall, Dept. of Justice, T. Neal Combs, Washington, D. C., William Lee Allen, Asst. Counsel, Harry L. Shorstein, Jacksonville, Fla., Jon T. Brown, Washtington, D. C., for Environmental Defense Fund, and others.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

The judgment is affirmed.

More than a year has passed since final judgment was entered in this case, and in light of statements during oral argument by counsel for the several contesting parties in this protracted litigation that circumstances with respect to the operation of the "Rodman Pool" have changed, we are of the view that although the judgment denying an injunction against lowering the level of the pool should be affirmed, the case should be remanded to the trial court for the continued exercise of its equitable jurisdiction over the matter in question.

Affirmed and remanded.